UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-09786-SVW-PJW | Date | February 9, 2012 |
|---|---|---|---|
| Title | George Radanovich, et al. v. Debra Bowen, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER Re: DEFENDANT CALIFORNIA CITIZENS REDISTRICTING COMMISSION'S MOTION TO DISMISS [5]

**I.   INTRODUCTION**

   Plaintiff George Radanovich and four other California voters filed this action against California Secretary of State Debra Bowen and the California Citizens Redistricting Commission. Plaintiffs claim Defendants improperly used race as a factor in creating voting districts. Prior to commencing this action, Plaintiffs challenged the voting districts by filing a petition (the "Petition") with the California Supreme Court, which the Court denied. On November 23, 2011, Plaintiffs filed their complaint with this Court. On January 12, 2012, the California Citizens Redistricting Commission filed the instant Motion to Dismiss. (Dkt. No. 5). Defendant Bowen that Motion on January 26, 2012. (Dkt. No. 10).
   Defendants' Motion is GRANTED WITH PREJUDICE for the reasons set forth in this Order. The hearing scheduled for February 13, 2012 at 1:30p.m. is hereby VACATED.

**II.   FACTUAL ALLEGATIONS**

   In 2008 and 2010, California voters adopted Propositions 11 and 20, respectively. The propositions amended the California Constitution to vest voter redistricting authority in an independent, 14-member Citizens Redistricting Commission (the "Commission"). The Commission was charged with conducting "an open and transparent" redistricting that complied with the U.S. Constitution, the Voting Rights Act, and all other state and national law. (Compl. ¶¶ 15-16). Proposition 11 also amended the California Constitution to provide that "[t]he Supreme Court [of California] has original and exclusive jurisdiction in all proceedings in which a certified final map is challenged." Cal. Const. art. XXI, § 3(b).
   On August 15, 2011, pursuant to these amendments, the Commission certified final redistricting maps to Bowen. (Id. at ¶ 20). Shortly thereafter, on September 29, 2011, Plaintiffs challenged the districts by filing the Petition with the California Supreme Court. Plaintiffs alleged that Defendants

:

Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-09786-SVW-PJW | Date | February 9, 2012 |
|---|---|---|---|
| Title | George Radanovich, et al. v. Debra Bowen, et al. | | |

JS - 6

improperly used race as the predominant factor in drawing California's 37th, 43rd, and 44th Congressional Districts in violation of the Equal Protection Clause of the 14th Amendment, and Sections 2 and 5 of the Voting Rights Act of 1965.  The Petition requested that the Supreme Court appoint special masters to redraw the districts.  (Mot. at 10).

The California Supreme Court denied the Petition on October 26, 2011.  (Id.).  Rather than seeking relief from the United States Supreme Court, Plaintiffs filed the instant action.  (Id. at 11).  The allegations in Plaintiffs' Complaint are identical to those in the Petition, with one exception.  In the Petition, Plaintiffs alleged that the Commission violated the California Constitution by failing to abide by Sections 2 and 5 of the Voting Rights Act.  Here, Plaintiffs assert the alleged violations of the Voting Rights Act directly.

**III.   LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  See Fed. R. Civ. Proc. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party.  Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002).  While a court does not need to accept a pleader's legal conclusions as true, the court reviews the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting

|  | : |  |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-09786-SVW-PJW | Date | February 9, 2012 |
|---|---|---|---|
| Title | George Radanovich, et al. v. Debra Bowen, et al. | | |

JS - 6

Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

IV.     ANALYSIS

Defendants argue that the California Supreme Court's denial of Plaintiffs' Petition precludes further litigation of this matter in federal court under the doctrine of res judicata. Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Manufactured Home Cmtys., Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) (internal citations omitted).

"To determine the preclusive effect of a state court judgment federal courts look to state law." Id. Federal courts accord state judgements the same res judicata effect that the jurisdiction of their rendition would give them. Eichman v. Fotomat Corp., 759 F.2d 1434, 1438 (9th Cir.1985). See also, Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035 (9th Cir. 1990) (looking to California law for applicable res judicata principles); Henrichs v. Valley View Dev., 474 F.3d 609, 615 (9th Cir. 1993) ("To determine the preclusive effect of a state court judgment, we look to state law."); Scoggin v. Schrunk, 522 F.2d 436, 437 (9th Cir. 1975).

Accordingly, the Court will apply California law in order to determine whether: (1) the California Supreme Court reached a final judgment on the merits, (2) the same issues were at dispute in both the California and federal actions, and (3) the same parties were involved in both actions.

A.     **Final Judgment on the Merits**

As Defendants note, in the context of proceedings involving a state appellate court's "original and exclusive jurisdiction," a summary denial of a petition for writ of mandate constitutes a final judgment on the merits. See In re Rose, 22 Cal.4th 430, 445 (2000) ("An order summarily denying a petition for writ of mandate or prohibition generally reflects a discretionary refusal to exercise original jurisdiction over a matter that properly may be pursued in the lower courts . . . When the sole means of review is a petition in this court, however, our denial of the petition -- with or without an opinion -- reflects a judicial determination on the merits."); see also Vandermost v. Bowen, __ Cal.4th __, 2012 Cal. Lexis 572, at *132 (2012) (citing In re Rose in the context of another recent redistricting challenge). Here, the California Supreme Court has "original and exclusive" jurisdiction over redistricting challenges. Cal. Const. art. XXI, § 3(b)(1). Plaintiffs filed their Petition with the California Supreme Court. The California Supreme Court considered the Petition and rejected it. Under California law, that rejection was a final judgment on the merits.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-09786-SVW-PJW | Date | February 9, 2012 |
|---|---|---|---|
| Title | George Radanovich, et al. v. Debra Bowen, et al. | | |

JS - 6

**B.    Same Cause of Action**

Next, Defendants argue that Plaintiffs, in the earlier proceeding, already asserted the claims made here. To determine whether a claim belongs to a cause of action that was previously litigated, California uses the "primary rights" doctrine. The primary rights doctrine:

> provides that a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. . . Claims not raised in this single cause of action may not be raised at a later date.

Manufactured Home, 420 F.3d at 1031 (citing Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 904 (2002).

As Defendants note, Plaintiffs' Petition and Complaint both allege violations of the 14th Amendment and Sections 2 and 5 of the Voting Rights Act caused by the Commission's work. Furthermore, the Petition challenged the very same Congressional districts (numbers 37, 43 and 44) at issue here. As noted above, Plaintiffs framed their claims slightly differently in the Petition than in their Complaint in this case. Specifically, in the Petition, Plaintiffs alleged that the Commission violated the California Constitution by failing to abide by Sections 2 and 5 of the federal Voting Rights Act (which are incorporated by reference in Article XXI of the state Constitution). In their Complaint in this action, Plaintiffs assert claims under Sections 2 and 5 of the Voting Rights Act directly.

In any event, the "primary right" at issue in the Petition and the instant action, namely the right to vote in constitutional districts, is identical. Res judicata bars all claims involving this right that *were or could have been asserted* in the Petition filed with the California Supreme Court. See, e.g. Mycogen, 28 Cal.4th at 904 ("the primary right is simply the plaintiff's right to be free from the particular injury suffered . . . [e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief"). Accordingly, Plaintiffs' claims cannot be relitigated.

**C.    Same Parties**

It is undisputed that the parties to the state court action and this federal action are identical.[1]

---

[1] Defendants also argue Plaintiffs' Third Count fails to state a claim because Section 5 of the Voting Rights Act does not apply to the districts at issue. Because Plaintiffs' claims are barred by the doctrine of res judicata, the Court does not need to address the merits of this argument.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-09786-SVW-PJW | Date | February 9, 2012 |
|---|---|---|---|
| Title | George Radanovich, et al. v. Debra Bowen, et al. | | |

JS - 6

**V.     CONCLUSION**

      The Court concludes that Defendants have established that all of the elements of res judicata for the reasons set forth above.  Because leave to amend would be futile, the Court here by GRANTS Defendants' Motion to Dismiss WITH PREJUDICE.

       : 

Initials of Preparer      PMC